

**Signed August 05, 2020.**

_____

**Ronald B. King**
**Chief United States Bankruptcy Judge**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| JON DONALD DANIEL, | § | CASE NO. 18-52576-RBK |
| | § | |
| DEBTOR | § | CHAPTER 13 |
| _____ | § | |
| | § | |
| MARY K. VIEGELAHN, | § | |
| CHAPTER 13 TRUSTEE, | § | |
| | § | |
| PLAINTIFF | § | |
| | § | |
| V. | § | ADVERSARY NO. 20-05009-RBK |
| | § | |
| RUBEN'S AUTO SALES, | § | |
| | § | |
| DEFENDANT | § | |

## OPINION

This adversary proceeding was filed by the chapter 13 trustee to avoid a lien as a preference. The issue is the proper calculation of the time for perfection of an enabling loan, which is an exception to the preference period. Both parties moved for summary judgment. Because Rule

1

9006(a) applies to the thirty-day deadline for the "enabling loan" exception to avoidable preferences, the Court will grant Defendant's motion on those grounds.

## I.      Jurisdiction, Authority, and Venue

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b). This matter arises under the Bankruptcy Code in a bankruptcy case referred to this Court by the Standing Order of Reference in this district. This matter is a core proceeding under § 157(b)(2)(F). Venue is proper under §§ 1408 and 1409. The Court has authority to enter a final judgment under § 157(b)(1).

## II.     Discussion

### A.  Overview

Mary Viegelahn, the chapter 13 trustee (the Trustee) and the plaintiff in this adversary proceeding, seeks to avoid as a preference the security interest of Ruben's Auto Sales, LLC (the Defendant) in a car Jon Donald Daniel (the Debtor) purchased on credit less than two months before the case was filed. The preference statute contains an exception for avoidance of such security interests, provided that the security interest is perfected "on or before 30 days after the debtor receives such property." 11 U.S.C. § 547(c)(3). Defendant perfected the security interest 32 days after Debtor received the car, but it did so on the first business day after the thirtieth day, because the thirtieth day was a Saturday. Defendant argues that such perfection was timely and that the "enabling loan" exception applies, based on the time-computation method of Rule 9006(a) of the Federal Rules of Bankruptcy Procedure. The Trustee argues that Rule 9006(a) does not apply to this exception to the preference statute, so the exception does not save the lien from avoidance.

### B. Background

The facts of this case are not in dispute. Debtor entered into a Retail Installment Contract with Defendant on September 13, 2018, less than two months before the petition date. Under this contract, Debtor purchased a 2010 Mazda CX-7 from Defendant for $9,722.90, borrowing $6,771.43 from Defendant and agreeing to pay $385.00 per month toward the debt for twenty months, plus a final payment of $222.90 in the twenty-first month. To secure the loan, Debtor granted Defendant a security interest in the car. On Monday, October 15, 2018, Defendant recorded the title with the Texas Department of Motor Vehicles.[1] Debtor filed this chapter 13 bankruptcy case on November 1, 2018. Defendant filed a proof of claim for $7,887.90, claiming it was secured by a lien on the vehicle Debtor bought from Defendant less than two months before filing bankruptcy. Debtor's plan, which treats Defendant's claim as secured, was confirmed on January 29, 2019.

The Trustee objected to Defendant's claim. Following a related but separate motion by Defendant for relief from the automatic stay, the Trustee filed this adversary proceeding. The Trustee and Defendant each filed a motion for summary judgment. The Court held a hearing on both motions and stated on the record the reasons for granting Defendant's motion and denying the Trustee's motion pursuant to FED. R. BANKR. P. 7056 and FED. R. CIV. P. 56(a).

### C. Summary Judgment Standard

"Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Malacara v. Garber*, 353 F.3d 393, 398 (5th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). The Court must grant

---

[1] The certificate of title shows that the "Date Title Issued" was October 22, 2018, but both parties to this adversary agree that Defendant actually recorded the title on October 15, 2018, and neither party argues that any relevant deadline applies to the date printed on the certificate of title.

summary judgment "only when, viewing the evidence in the light most favorable to the nonmoving party, the record indicates that there is 'no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" ***Lifecare Hospitals, Inc. v. Health Plus of La., Inc.***, 418 F.3d 436, 439 (5th Cir. 2005) (quoting FED. R. CIV. P. 56(c)); *see also* ***Lowe v. King (In re King)***, 2006 WL 3861097, at *2 (Bankr. W.D. Tex. Dec. 29, 2006) (applying the same standard). Where, as here, the parties file cross-motions for summary judgment, the Court may "assume that no evidence needs to be considered other than that filed by the parties, but summary judgment is nevertheless inappropriate if disputes remain as to material facts." ***Atlantic Richfield Co. v. Farm Credit Bank of Wichita***, 226 F.3d 1138, 1148 (10th Cir. 2000) (quoting ***James Barlow Family Ltd. Partnership v. David M. Munson, Inc.***, 132 F.3d 1316, 1319 (10th Cir. 1997)); *accord* ***Petro Harvester Operating Co. v. Keith***, 954 F.3d 686 (5th Cir. 2020).

### D. The Trustee's Preference Claim

The Trustee filed this adversary proceeding to avoid Defendant's lien as a preference under § 547, which allows a trustee to:

> (b) . . . avoid any transfer of an interest of the debtor in property—
> (1) to or for the benefit of a creditor;
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
> (3) made while the debtor was insolvent;
> (4) made—
>> (A) on or within 90 days before the date of the filing of the petition; or
>> (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
> (5) that enables such creditor to receive more than such creditor would receive if—
>> (A) the case were a case under chapter 7 of this title;
>> (B) the transfer had not been made; and
>> (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

4

11 U.S.C. § 547(b). The Trustee asserts that Defendant's lien on Debtor's car meets all elements of § 547(b), and Defendant does not disagree. Defendant counters that an exception to § 547(b) applies—specifically, the "enabling loan" exception of § 547(c)(3), which provides that the trustee:

> (c) . . . may not avoid under this section a transfer— . . .
> (3) that creates a security interest in property acquired by the debtor—
> (A) to the extent such security interest secures new value that was—
> (i) given at or after the signing of a security agreement that contains a description of such property as collateral;
> (ii) given by or on behalf of the secured party under such agreement;
> (iii) given to enable the debtor to acquire such property; and
> (iv) in fact used by the debtor to acquire such property; and
> (B) **that is perfected on or before 30 days after the debtor receives possession of such property.**

*Id.* § 547(c)(3) (emphasis added). The central dispute between the parties is how to calculate the thirty-day deadline for this exception to apply. Defendant perfected the security interest on October 15, 2018—thirty-two days after September 13, 2018, when Debtor received the vehicle. The Trustee argues that, because Defendant did not perfect "on or before 30 days after" Debtor received the car, the exception does not apply, and Defendant's security interest is an avoidable preference.

Defendant argues that its perfection was timely because the time-computation method in Rule 9006(a) of the Federal Rules of Bankruptcy Procedure applies to this thirty-day deadline. Rule 9006(a)(1) provides:

> When the period is stated in days or a longer unit of time:
> (A) exclude the day of the event that triggers the period;
> (B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and
> (C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

FED. R. BANKR. P. 9006(a). This rule applies when "computing any time period specified in these rules, in the Federal Rules of Civil Procedure, in any local rule or court order, or in *any statute* that does not specify a method of computing time." *Id.* (emphasis added). Defendant asserts that, because § 547(c)(3) does not specify a method of computing the thirty-day deadline, this rule applies. Applying this rule to Defendant's actions, Defendant perfected on the "next day [after the last day] that is not a Saturday, Sunday, or legal holiday." In other words, because the thirtieth day after Debtor received the vehicle was a Saturday, Defendant had until the Monday following the thirtieth day to perfect its lien in order for the preference exception in § 547(c)(3) to apply. Defendant perfected on that Monday; accordingly, assuming Rule 9006(a) applies, Defendant's lien falls under the "enabling loan" exception of § 547(c)(3).

The Trustee contends that Rule 9006(a) does not apply to § 547(c), arguing that the time frame is "substantive in nature" rather than "procedural"; thus, Rule 9006(a), which seems to focus on "strictly procedural" rules, does not apply to the "legal status of a transfer at the time of the filing of the petition." In support of this argument, the Trustee cites two cases: *Greene v. Locke (In re Greene)*, 223 F.3d 1064 (9th Cir. 2000) and *In re Johnson*, 232 B.R. 399 (Bankr. W.D. Mo. 1999). As discussed below, neither case provides the necessary support for the Trustee's argument.

In *Greene*, the chapter 7 trustee sought to avoid a transfer that occurred ninety-one days before the petition was filed, and the court held that the ninety-day preference recovery window does not extend under Rule 9006(a) when the ninetieth day falls on Saturday. *Greene*, 223 F.3d at 1069–71. In so holding, the *Greene* court noted that Rule 9006(a) "is limited by the provision that '[s]uch rules shall not abridge, enlarge, or modify any substantive right.'" *Id.* at 1070 (quoting 28 U.S.C. § 2075). The *Greene* court examined the language of Rule 9006(a) at the time, which

applied the time-computation method to "any applicable statute," and held that § 547(b)(4) was not an "applicable statute" as defined by Rule 1001. *Id.* at 1068–69.

    This Court agrees with the result in *Greene*, but the opinion does not support the Trustee's position for at least two reasons. First, the time period in question in *Greene* was counting *backward* from the petition date under § 547(b)(4), rather than the forward-counting thirty-day "enabling loan" exception in § 547(c)(3). There does not appear to be any reason to extend the ninety-day preference period backwards merely because of the day of the week on which the ninetieth day lands. Further, it is not clear from *Greene* that the substantive–procedural dichotomy on which it exempts § 547(b)(4) from application of Rule 9006(a) would have the same effect on a different time period in a different code section. Indeed, as discussed in more detail below, several courts disagree with this substantive–procedural dichotomy even as applied to the ninety-day preference lookback window. *See **Harrison v. N.J. Cmty. Bank (In re Jesup & Lamont, Inc.)**,* 507 B.R. 452, 466–67 (Bankr. S.D. N.Y. 2014) (collecting cases); 10 COLLIER ON BANKRUPTCY ¶ 9006.04 (noting a "division of authority as to whether Rule 9006(a) governs the calculation of the 90-day reachback of section 547(b)(4)"). Second, the *Greene* court was interpreting a prior version of Rule 9006(a), which was subsequently amended in 2009 to apply to "any statute that does not specify a method of computing time" rather than "any applicable statute." *Jesup & Lamont, Inc.*, 507 B.R. at 465–66; *see* 10 COLLIER ON BANKRUPTCY ¶ 9006.04 (describing the amendment in 2009). The *Greene* court relied on now-extinct language in reaching its holding that § 547(b)(4) is not an "applicable statute," so it is unpersuasive now as to application of the new version of the Rule that, by its plain text, includes § 547(c)(3)—which does not specify how to count the thirty days.

The Trustee also relies on *Johnson*, which deals with the timing of the "enabling loan" exception. In *Johnson*, as in this case, a car dealership sold the debtor a car on credit under a retail installment contract on Saturday, October 31, 1998—less than ninety days before the debtor filed bankruptcy—and the dealership retained a security interest in the car. *Johnson*, 232 B.R. at 400–01. At the time, the "enabling loan" exception of § 547(c)(3) covered security interests perfected within *twenty* days of the debtor receiving possession of the collateral instead of thirty days, and the twentieth day was November 20, 1998.[2] *Id.* Although the dealership mailed the lien documents to the Missouri Department of Revenue before the twentieth day, the Department did not receive the documents until the Monday following that weekend, which was the twenty-third day after the debtor received the vehicle. *Id.* The *Johnson* court relied on **Barnes v. General Motors Acceptance Corp. (*In re Ross*)**, 193 B.R. 902 (Bankr. W.D. Mo. 1996), to hold that the time-calculation method in Rule 9006(a) does not apply to extend the twenty-day "grace period" in § 547(c)(3). Because of the depth of the *Johnson* court's reliance on *Ross* for this holding, it is necessary to examine the *Ross* case itself to determine the persuasive weight of *Johnson*, if any.

In *Ross*, the debtor purchased a car under a retail installment contract on May 9, 1995, and the dealer finance company, GMAC, mailed the Title Application to the Missouri Department of Revenue on May 25, 1995. *Ross*, 193 B.R. at 903. The Department received the Title Application on Tuesday, May 30, 1995, twenty-one days after the debtor received the car; notably, the twentieth day fell on Memorial Day, Monday, May 29. *Id.* at 903–04. The court in *Ross* held that

---

[2] The *Johnson* court incorrectly states throughout its decision that November 20, 1998 was a Saturday; it was actually a Friday, so the time-calculation rule at issue in this case and purportedly at issue in *Johnson* would not have extended the deadline even if it applied. *See* FED. R. BANKR. P. 9006(a) (extending time "if the last day is a Saturday, Sunday, or legal holiday"). In fact, the opinion refers to November 20 as a Saturday and November 23 as a Monday in the same sentence, but the time difference between a Saturday and the next Monday is two days, not three. *Johnson*, 232 B.R. at 401. The opinion later suggests that the dealership should have perfected "on the last business day before the time limit expired, which would have been Friday, November 19," which is also incorrect—November 19, 1998 was a Thursday. *Id.* at 402. Thus, the *Johnson* court's erroneous discussion of the time-calculation method could have been avoided by looking at a calendar.

Rule 9006(a) does not apply to extend the twenty-day deadline of § 547(c)(3), reasoning that the "enabling loan" exception is a "substantive" provision to which the "procedural" Rule 9006(a) does not apply.

The holding in *Ross*—that Rule 9006(a) does not apply to § 547(c)(3) because the section is "substantive"—suffers from some of the same issues as the Ninth Circuit's similar holding in *Greene*. *Ross* is also part of a split of authority on this issue, and it appears to be the only decision (other than another court in the same district in *Johnson* three years later) that takes this position; the majority of courts have applied Rule 9006(a) to § 547(c)(3) and certain other so-called "substantive" provisions of the Code. *See* Norton Bankruptcy Law & Practice 3d § 66:29 (describing the split, noting that "most courts addressing the computation of time under § 547(c)(3) have applied Bankruptcy Rule 9006(a) to determine when the 30 days run," and citing *Ross* as the only case holding otherwise); ***Roost v. General Motors Acceptance Corp. (In re Boyer)***, 212 B.R. 975, 978 (Bankr. D. Or. 1997) (disagreeing with *Ross* and collecting cases that apply Rule 9006(a) to grace periods in § 547, including § 547(c)(3)). In addition, while the *Ross* court relies less than the *Greene* court on the language of Rule 9006(a), both made their determination based on a version of Rule 9006(a) before the Rule was amended in 2009 with language suggesting a broader application.

Even setting the amendment issue aside, however, the Court does not find the holding in *Ross* persuasive. The *Boyer* court examined the substantive–procedural dichotomy underpinning the holding in *Ross* and determined that, while the 90-day preference lookback window may be "substantive" in nature, not all subsections of § 547 are necessarily "substantive," and some of the deadlines in that section appear to be more "procedural," including § 547(c)(3). *Boyer*, 212 B.R. at 978–79. The *Boyer* court then reaffirmed the rule of its circuit "'that a party challenging a

9

bankruptcy rule has a "heavy burden" of showing that the rule deals with a matter of substance rather than procedure.'" *Id.* at 979 (quoting **Jones v. Hill (In re Hill)**, 811 F.2d 484, 487 (9th Cir. 1987)). Applying this standard, the *Boyer* court found that the trustee had not met this burden and held that Rule 9006(a) applied to extend the twenty-day "grace period" in § 547(c)(3). *Id.*

After reviewing the split of authority and the rationale of the majority of courts that have addressed this issue, the Court agrees with the majority, as well as *Boyer*'s application of Rule 9006(a) and its criticism of the *Ross* decision. The lone-standing minority rule articulated in the *Ross* decision would, in many cases, significantly shorten the amount of time in which creditors could protect their liens from avoidance, "clearly abridging the rights provided by Congress in enacting § 547(c)(3)." *Boyer*, 212 B.R. at 979. The Court also declines to accord *Johnson* any persuasive weight, both because its central holding on point relies entirely on *Ross* and because its analysis as to this issue depends on a miscalculation of time. *See Johnson*, 232 B.R. at 401 (mistakenly referring to the deadline of November 20, 1998 as a Saturday—rather than as a Friday, which would not have triggered extension of time under Rule 9006(a)—then referring to November 23, 1998 as a Monday in the same sentence). As discussed above, *Greene* does not inform the Court's decision as to whether Rule 9006(a) applies to § 547(c)(3) because it relies on superseded language and analyzes a different code subsection, so the holding would not compel one result or another even if it were persuasive.

Applying Rule 9006(a) to this case, Debtor took possession of the vehicle on September 13, 2018, and the thirtieth day after that date was Saturday, October 13, 2018. Because the thirtieth day fell on a Saturday, Defendant had until the next day that was not a Saturday, Sunday, or legal holiday—that is, Monday, October 15, 2018—to perfect its security interest without threat of avoidance as a preference. Defendant perfected the security interest on October 15, 2018, so under

§ 547(c)(3), the Trustee may not avoid the security interest as a preferential transfer. The Court will grant Defendant summary judgment on these grounds and deny the Trustee's motion for summary judgment for the same reasons.

### E. Defendant's Remaining Arguments

Defendant makes two additional arguments against the Trustee's use of avoidance powers. First, Defendant argues that the Trustee, a chapter 13 trustee, lacks authority to pursue an avoidance action under § 547. More specifically, Defendant claims that, because Debtor exempted the property, avoiding the lien would not enlarge the value of the estate, so the Trustee cannot pursue the avoidance action as a means of collecting property of the estate. Second, Defendant claims the Trustee is barred from objecting to the claim by *res judicata* because of the confirmation order and an agreed order on Defendant's objection to confirmation.

Defendant cites no authority for either position in its briefing, and based on the text of § 547 and the relevant orders, both arguments fail. Section 547 does not specify that it applies only to non-exempt property, or even to property of the estate as § 541 would define it. Section 547(b) provides that "the trustee may . . . avoid *any* transfer of an interest of the *debtor* in property" that was transferred in a specific manner and within the relevant time. 11 U.S.C. § 547(b) (emphasis added). As a threshold matter, the chapter 13 trustee does, in fact, have the power to avoid preferential transfers under § 547. *Id.*; *see* **Munoz v. James B. Nutter & Co. (In re Munoz)**, 2011 WL 710501, at *4 (Bankr. W.D. Tex. Feb. 22, 2011) (acknowledging chapter 13 trustee's avoidance powers before discussing whether debtor can exercise those powers). Indeed, "[t]he fact that a chapter 13 trustee does not have a chapter 7 trustee's duties under section 704(a)(1) does not mean that the chapter 13 trustee does not have avoiding powers." 8 COLLIER ON BANKRUPTCY ¶ 1302.03 n.5 (citing *In re Cecil*, 488 B.R. 200 (Bankr. M.D. Fla. 2013)). The trustee's avoidance

power extends to a wide range of transfers occurring within ninety days before the case was filed, including as to property that may not be property of the estate.

As to Defendant's other argument, the statute expressly grants the trustee authority to pursue this cause of action, and as the Trustee correctly argues, this Court's Standing Order of October 16, 2017 specifically reserves the Trustee's ability to seek avoidance actions. While the orders on confirmation do state that Defendant has a valid security interest in Debtor's vehicle, nothing in these orders precludes the Trustee from seeking to avoid this lien as a preferential transfer. *See* ECF No. 12 (agreed order acknowledging that Defendant "possesses a security interest" in the vehicle but not mentioning avoidance powers); ECF No. 14 (order confirming Debtor's form plan but not mentioning Defendant's security interest or the Trustee's avoidance powers). The Court finds Defendant's arguments as to *res judicata* and lack of authority unpersuasive; accordingly, summary judgment will not be granted on these issues.

### III.    Conclusion

Where a section of the Bankruptcy Code specifies a period of time but not a method of calculating time, Rule 9006(a) of the Federal Rules of Bankruptcy Procedure provides a calculation method in concert with Rule 6 of the Federal Rules of Civil Procedure and the law of many states. If the last day of the time period falls on a Saturday, Sunday, or legal holiday, the time period is extended to the next day that is not a Saturday, Sunday, or legal holiday. This rule applies to the "enabling loan" exception to preferences in § 547(c)(3). Because Defendant perfected its security interest in Debtor's vehicle within thirty days, as calculated under Rule 9006(a), the Trustee cannot avoid the security interest as a preferential transfer. Accordingly, Defendant's motion for summary judgment will be granted on this ground. The Trustee's motion for summary judgment will be denied.

# # #